"Two writs of certiorari were issued in this case, one directed to the state board of tax appeals, and the other to the *Page 82 
collector of taxes of the borough of East Rutherford. They bring before us assessments on real and personal property of the prosecutor for the year 1931.
"The property had belonged to a corporation which became insolvent in the fall of 1930 and a receiver was appointed. There were mortgage bonds against it aggregating $454,000 and a committee was formed by the bondholders to protect them. To keep down the sale costs, the property involved, as well as other assets, were sold to the committee at a price of $100,000 for the realty and $2,500 for the personalty.
"In the meantime and before execution of the transfer of the property in pursuance of the sale the committee had agreed to sell the entire property to the prosecutor at a price of $307,712, and a deed in pursuance was made directly to it by the receiver. The property was bought by the prosecutor as a going concern and small lots of realty were assessed aggregating $17,500, and to this no objection is made, but assessment for what is known as lot No. 1, block 16 (comprising ten acres) was finally placed by the state board at $372,000, and the personalty at $127,500, making a total assessment of $517,000, to which latter assessments objection is now taken. The assessments had been originally at much higher figures, but by subsequent reductions at the hands of the county board of taxation, and that state board the above amounts were finally arrived at.
"The prosecutor contends that the committee sale price was a fair one between buyer and seller and should control the assessments. We are not inclined to modify the assessment and for this reason: that while the sale to the prosecutor may be considered as some evidence of value, there is every reason to regard the sale as more or less a forced one. As is well known, bondholders committees do not want to take over a business property of this type and operate it. They want their money and as a rule avail of the first opportunity to realize this result. This is apparently what they did here.
"While of course there has been great shrinkage in the value of manufacturing plants in the current depressed state of industry of which the court can perhaps take judicial notice, *Page 83 
there is evidence of a very large value in this property before the receivership, aggregating as much as $2,000,000, and we are not prepared to say that the values ultimately placed by the state board were not justified by the proofs.
"The assessments are affirmed."
The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.
For reversal — None.